IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JIMMY SANCHEZ,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-83** |
| | § | |
| **CITIMORTGAGE, INC. AND CENLAR** | § | |
| **AGENCY, INC.,** | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

COMES NOW Defendant CENLAR FSB improperly identified as "CENLAR AGENCY, INC." in the state court action described below, ("CENLAR") pursuant to the provisions of 28 U.S.C. § 1332 and 1446, and hereby files its notice of the removal of this action from the 134th Judicial District Court of Dallas County, Texas, to the United States District Court, Northern District of Texas, Dallas Division.  In support of this notice of removal, CENLAR shows unto the Court as follows:

## I.  INTRODUCTION

1.      Plaintiff Jimmy Sanchez ("Plaintiff") commenced this action by filing a complaint in the 134th Judicial District Court of Dallas County, Texas, Cause No. DC-23-20277, on or about December 7, 2023 (the "Complaint").

2.      Plaintiff's Complaint sues two defendants for violations of the Texas Property Code, breach of contract, and Texas Deceptive Trade Practice Act ("DTPA") arising from purchase of real property.[1] A true and correct copy of the Complaint is attached hereto as **Exhibit B-1**.

---

[1] *See Complaint* at Sections V-XXX.

3.      CENLAR invokes this Court's diversity jurisdiction, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      All of the records from the state docket, Cause No. DC-23-20277 in the 134th Judicial District Court Dallas County, Texas, are attached hereto as **Exhibits B-1 through B-7.**

## II. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

5.      This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[2]

### A. The Parties Are Diverse

6.      The Complaint alleges that Plaintiff is a citizen of Texas based on Plaintiff's domicile, as Plaintiff resides in Texas.[3]

7.      Defendant CENLAR is a federal savings bank whose home office is in Ewing, New Jersey. Therefore, CENLAR is not a citizen of Texas.

8.      Defendant CITIMORTGAGE, INC. is a New York corporation with a principal place of business in O'Fallon, Missouri.  Therefore, Defendant CITIMORTGAGE, INC. is not a citizen of the State of Texas.

9.      As such, there is complete diversity of citizenship between the parties.[4]

### B. The Amount in Controversy Exceeds $75,000

10.     The amount in controversy with respect to Plaintiff's claims exceeds $75,000.[5]

---

[2] 28 U.S.C. § 1332(a)(1).
[3] *See Complaint* at Section I; *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").
[4] *Adams*, 2012 WL 2122175, at *3 (citing *Smallwood*, 385 F.3d at 572).
[5] *See* U.S.C. § 1332(a).

11.     The Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either one of two ways: (1) by demonstrating that is it "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) by setting forth facts that support the requisite finding.[6] In this context, district courts are permitted to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[7]

12.     Here, whole Plaintiff has not pleaded a specific total damages amount, the Original Petition alleges damages in excess of the $75,000 threshold for removal. Specifically, Plaintiff alleges the following violations of the Texas Property Code:

| Statute | Allegation | Formula | Damages |
|---|---|---|---|
| TEX. PROP. CODE §5.076(a) | Defendants' alleged failure to record the executory contract and disclosure statement[8] | $500/year x 27 years | $13,500 |
| TEX. PROP. CODE §5.077(c)(1) | Defendants' alleged failure to send annual statement[9] | $100/year x 27 years | $2,700 |
| TEX. PROP. CODE §5.079 (b)(l)(A) | Defendants' alleged failure to transfer recorded legal title not later than the 30th day after the final payment until the 90th day after payoff (June 4 to August 3, 2023)[10] | $250/day x 60 days | $15,000 |
| TEX. PROP. CODE §5.079 (b)(l)(A) | Defendants' alleged failure to transfer recorded legal title not later than the 91st day after the final payment until date of petition (August 4 to December 7, 2023)[11] | $500/day x 127 | $63,500 |
| | | **TOTAL** | $94,700 |

---

[6] *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[7] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen*, 63 F.3d 1335 ("common sense" may guide a court's analysis).
[8] *See* Original Petition at Sections V-VIII.
[9] *Id.* at Sections IX-XII.
[10] *Id.* at Sections XV-XVI.
[11] *Id.* at Sections XV, XVII.

13.     In addition to these claims, Plaintiff has asserted damages for breach of contract and violations of the DTPA.  As to the DTPA violations, Plaintiff asserts knowing and intentional violations, enabling Plaintiff to pursue recovery of treble damages.

14.     A "reasonable and common-sense analysis of the allegations" reveals that Plaintiff has pleaded damages of approximately $100,000 or more. It is facially apparent from the Original Petition that the amount in controversy is in excess of $75,000.

## III. ADOPTION AND RESERVATION OF DEFENSES

15.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of CENLAR's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, any state or federal statute, or otherwise.

## IV. TIMING OF REMOVAL

16.     This removal is timely because it is being filed within thirty (30) days of service of Plaintiff's Complaint on CENLAR.[12] The Complaint was filed on December 7, 2023.  CENLAR was served with process December 12, 2023. Therefore, this removal is timely.

## V. CONSENT TO REMOVAL

17.     CITIMORTGAGE has consent to this removal. *See* **Exhibit D.**

---

[12] *See* 28 U.S.C. 1446.

**VI. ADDITIONAL PROCEDURAL REQUIREMENTS**

18.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

19.    True and correct copies of "all process, pleadings, and orders" from the State Court are attached hereto as **Exhibit B-1 through B-7**.  There has been no other process, pleadings, or orders served upon CENLAR to date in this case.

20.    CENLAR has heretofore sought no similar relief.

21.    Venue is proper in this district under 28 U.S.C. §1466(d) because the United States District Court for the Northern District of Texas, Dallas Division is the court embracing the State Court where this action is pending in state court.

22.    CENLAR has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the State Court where the action is pending pursuant to 28 U.S.C. § 1446(d).

23.    CENLAR reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** CENLAR FSB prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 134th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
State Bar No. 24065813
sabrina.neff@huschblackwell.com
600 Travis St., Suite 2350

Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

and

Javon L. Johnson
State Bar No. 24120929
Javon.johnson@huschblackwell.com
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
 (214)  999-6163 – Telephone
 (214)  999-6170 – Facsimile

ATTORNEYS FOR DEFENDANT
CENLAR FSB

OF COUNSEL:

HUSCH BLACKWELL, LLP
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served upon the following on this the 10th day of January, 2024:

David F Zwerner          *Via Email cohzwerlaw@sbcglobal.net*
COHEN AND ZWERNER, L.L.P.
12980 Preston Road, Suite 1230
Dallas, Texas 75230
*Attorneys for Plaintiff*

Peter S. Wahby          *Via Email Peter.Wahby@gtlaw.com*
Peter K. Lacina          *Via Email lacinap@gtlaw.com*
Morgan Jones          *Via Email morgan.jones@gtlaw.com*
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
*Attorneys for CitiMortgage, Inc.*

By: */s/ Sabrina A. Neff*
     Sabrina A. Neff